LEANDER E. CAPWELL vs. THOMAS J. KNIGHT et al.

JANUARY 13, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney and Barrows, JJ.

(1)   Probate Law and Procedure.   Executors and Administrators.   Removal of Administrator.   Notice.

G. L. 1923 cap. 358 sec. 6, provides that "any probate court may modify or revoke any order or decree made by it on an uncontested application before appeal therefrom or, if no appeal is taken, before the time for taking an appeal has expired,   .   .   .   upon the written application of any person interested therein, and after notice of the time and place of hearing thereon appointed by the court, given in the manner prescribed by it, to the person having charge of such estate and to all other interested parties. "

A creditor was appointed administrator of an estate upon an uncontested petition.   Subsequently the next of kin filed a motion that the decree be vacated and the court ordered the citation which was issued to be served upon the original petitioner or his attorney.   The attorney accepted service.   The court upon hearing vacated the original decree and entered a new decree appointing one of the next of kin administrator.

Held, that the court properly acted under cap. 358, sec. 6, and that caps. 360 and 363 G. L. 1923, were not applicable, and notice by advertisement was not required.

(2)   Probate Courts.   Jurisdiction.

Nothing appearing to the contrary on the record it will be presumed that a probate court made findings of fact sufficient to give it jurisdiction.

(3)   Probate Law and Procedure.   Executors and Administrators.

Where on petition of a creditor an administrator was appointed and subsequently the next of kin filed a motion under G. L. cap. 358, sec. 6, that the decree be vacated, and the petition for the appointment of an administrator assigned to a day certain for hearing; while the court had jurisdiction to vacate or modify its former decree, its action in appointing a new administrator was not a mere modification of its former decree but a new decree, which under G. L. cap. 360, required notice by advertisement to all parties known to be interested; so while the action of the court in removing the first administrator was proper, its action in appointing a new administrator was improper.

(4)   Probate Courts.   Executors and Administrators.   Decrees.

Where a decree was entered appointing an administrator, the notice given of the pendency of the petition had fulfilled its purpose, and was insufficient to give jurisdiction at a later session of the court to appoint his successor.

PROBATE APPEAL.   Heard on exceptions of appellant. Exceptions overruled and sustained in part.

RATHBUN, J.   This case is before us on the appellant's exception to the decision of a justice of the Superior Court dismissing an appeal from a decree of the Probate Court of the Town of Coventry.

The appellant filed with said probate court a petition alleging that Ida F. Knight who last dwelt in said town died on the 24th day of March, 1922, intestate possessed of goods and estate remaining to be administered and that the petitioner is a creditor of said deceased; and praying that the petitioner, said Capwell, or some other suitable person be appointed administrator of her estate.   Notice by advertisement having been duly given of the pendency of said petition said court on September 21, 1925, heard said petition and, no one appearing to object thereto, entered a decree appointing the petitioner administrator of said estate. Thereafter the appellee and John M. Knight, who are the next of kin of the deceased, having learned of the filing of said petition and the entry of said decree, filed with said court a motion that said decree be vacated and that said petition for the appointment of an administrator be assigned to a day certain for hearing.   It was ordered that the citation which was issued be served upon the petitioner or his attorney.   C. Bird Keach, a member of the bar of this State and attorney for the petitioner, accepted service of the citation.   Pursuant to the notice contained in said citation said court, on October 26, 1925, both parties being represented by counsel, considered said motion and entered a decree vacating the decree, by which the appellant was appointed administrator, and entered a new decree appointing Thomas J. Knight, the appellee, administrator of said estate.   From this decree the appellant appealed to the Superior Court which, after hearing, dismissed the appeal. The case is before us on his exception to the decision of said court dismissing his appeal.

The Probate Court, in accepting jurisdiction to vacate the original decree, relied upon G. L. 1923, Chap. 358, Sec. 6 which provides that "Any probate court may modify or re-

voke any order or decree made by it on an uncontested application before appeal therefrom, or, if no appeal is taken, before the time for taking an appeal has expired, and, if made in reference to the settlement of any estate, also before the final settlement thereof, upon the written application of any person interested therein, and after notice of the time and place of hearing thereon appointed by the court, given in the manner prescribed by it, to the person having charge of such estate and to all other interested parties".

The appellant contends, as he did before the Superior Court, that the legislature did not intend, by the adoption of said section 6, to authorize the removal of an administrator. He suggests that Chapters 360 and 363 contain special provisions, including procedure, for removing administrators and that, in the construction of statutes, a special provision takes precedence over a general provision. The appellant further contends that an administrator can not be removed or another appointed until after notice by advertisement as provided in said chapter 360. Section 13 of said chapter 363 provides for the removal of an executor or an administrator on charges based upon improper conduct in office. It would be a very narrow construction to hold that Section 6 of Chapter 358 gives no authority to a probate court, within the time within which an appeal may be taken, when no appeal has been taken therefrom, to revoke a decree, entered on an uncontested application, appointing an administrator. The language of the statute, "may modify or revoke any order or decree made by it", is clearly too broad to admit of such construction.

We are unable to adopt the argument of the appellant's counsel that when motion is made to vacate such a decree the application upon which it was entered becomes *ab initio* a contested application. The result of such a construction would be that the court would never have jurisdiction to act under said section, unless the original petitioner moved or the court acted on its own motion. We must assume

that the legislature had knowledge of the fact that it is not the practice of courts, on their own motion, to vacate orders or decrees.

We think that said chapters 360 and 363 are not applicable and that said section 6 states the procedure relative to giving notice of the hearing of a motion, based on said section, to vacate a decree appointing an administrator. Said section provides that a probate court may, before the time for taking an appeal has expired—if no appeal has been taken—modify its order or decree "after notice of the time and place of hearing thereon appointed by the court, given in the manner prescribed by it, to the person having charge of such estate and to all other interested parties". It thus appears that notice by advertisement, before acting upon a motion to vacate an order or decree, is not required. The court ordered personal notice by citation to the appellant, the "person having charge of such estate". As we have above stated, service of the citation was accepted by C. Bird Keach, a member of the bar, who acted as counsel for the appellant before the Probate Court when it granted his petition to appoint an administrator. In response to the citation Mr. Keach appeared before said court at the appointed time and, without entering a special appearance, was heard on said motion to vacate. Mr. Keach appeared before us as attorney for the appellant and did not even contend that he was not the attorney of the appellant or that he was without authority to accept service at the time he assumed to do so. It therefore appears that the appellant takes nothing by his objection to the notice which he received.

What notice was ordered and given to "all other interested parties" does not appear, and it does not appear that there were any other persons interested in said estate except Thomas J. Knight and John M. Knight, both of whom joined in the motion upon which the court acted. The appellant, in his petition to the Probate Court for the appointment of himself or some other suitable person as adminis-

trator of said estate, certified that Thomas Knight, uncle, of West Greenwich, is the only heir at law and next of kin of the deceased.    The court may have found that the moving parties constituted "all other interested parties".    It would have been an idle procedure for the court to have ordered the moving parties to give notice to themselves of their own motion.    Nothing appearing to the contrary it (2) is presumed that the Probate Court made findings of fact sufficient to give jurisdiction.    Our conclusions are not at variance with the opinion in *Briggs v. Probate Court of Westerly*, 23 R. I. 125 cited by the appellant.

Although the court had jurisdiction to vacate its former decree appointing an administrator it does not follow that the notice given was sufficient to give jurisdiction to appoint (3) another.    Before acting by authority of said section 6 to modify or revoke a decree, a probate court is not required to give notice in any particular manner.    The language of the section is:    "Any probate court may modify or revoke . . . after notice  . . .  given in the manner prescribed by it."    The court gave only such notice as is required by said section 6 which provides for modifying and vacating orders and decrees and not for the entry of a new decree, except as a revocation or modification of a former decree. The action of the Probate Court in appointing Knight administrator was not a mere modification of the decree appointing Capwell; it was an absolutely new decree.    The court did not even assume to modify but revoked the old decree.    Said chapter 360 requires probate courts, before proceeding to appoint an executor or administrator, to give notice by advertisement "to all parties known to be interested".    The Probate Court in appointing Knight evidently acted upon the original petition filed by Capwell and assumed that the notice given by advertisement as to the time of the original hearing thereon was sufficient to give jurisdiction at a later session of the court to appoint his successor. When the new decree was entered the original petition had (4) not been continued from time to time so as to preserve the

effectiveness of the notice and upon the entry of the decree granting the petition, by appointing Capwell, the notice given of the pendency of the petition had fulfilled its purpose and wholly served its usefulness.

The appellant's exception to that part of the decision which affirmed the decree removing him as administrator is overruled; his exception to that part of the decision which affirmed the decree appointing Thomas J. Knight administrator is sustained and the case is remitted to the Superior Court for further proceedings.